

# NUMBER 13-21-00064-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **MARIO ALEJOS-PEREZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 94th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Mario Alejos-Perez attempted to perfect an appeal from a conviction for attempting to take a weapon from peace officer. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a

timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The sentence was imposed by the trial court in this matter on March 11, 2009, and appellant filed his notice of appeal on February 25, 2021. On February 25, 2021, the Clerk of this Court notified appellant that it appeared the appeal was not timely perfected and would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. On February 25, 2021, appellant filed a motion for leave to file his notice of appeal and a motion for appointment of counsel.

On March 11, 2021, we received appellant's response to the defect notice. In the response, appellant asserts he was unable to access a computer, is without an attorney, and is suffering the collateral consequence of deportation. Additionally, appellant asserts he was unaware that a plea of no contest has the same effect as a plea of guilty. Finally, appellant asserts he is seeking relief which a writ of habeas corpus should provide.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

Furthermore, appellant's response neither cures the defect nor demonstrates our jurisdiction over this matter. Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open

court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a motion for new trial is timely filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3.

In conclusion, appellant's notice of appeal, filed nearly two years after sentence was imposed, was untimely, and appellant's response to the defect and motion for leave was filed outside of the 15-day grace period. Accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

The appeal hereby is dismissed for want of jurisdiction. Accordingly, appellant's motion for leave and appointment of counsel are also dismissed for want of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
1st day of April, 2021.